In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-342 CR


____________________



JOHNEY FRED BELL, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 23,355






MEMORANDUM OPINION


 A jury convicted Johney Fred Bell, Jr. of burglary of a habitation and assessed
punishment at ten years' confinement in the Texas Department of Criminal Justice,
Institutional Division, and a fine of $1,000. Bell appeals claiming the evidence is factually
insufficient to support the jury's verdict.

 On or about September 30, 2001, Kim Harrington (1) returned home and found a
barbecue pit and ice chest were missing from outside the home and someone had broken
into her home because the door was broken. Over the next several days, Harrington
received phone calls from Bell and during those conversations he told her that he had taken
the barbecue pit and ice chest, and a file cabinet, CDs, and photo album from inside the
house. The phone calls were recorded and the tapes played for the jury. Harrington
contacted the police. Officer Steven Abbott responded and went to Harrington's home
where he viewed the broken door and made a report. Abbot also listened to the tapes
Harrington had made of Bell's phone calls. 

 Although Bell had stayed with Harrington on and off prior to May of 2001, she
testified that in August of 2001, or earlier, the locks were changed. Harrington had also
had the police issue a warning to Bell against criminal trespass in August. 

 Michael Scott Davis testified he was with Bell on the night in question. They drove
around looking for Harrington and Davis drove Bell by a house on "MacGregor or
Russell." They met up with "Eric," who drove Davis' truck back to the house. Bell said
he was going to pick up some of his things and went inside. Bell returned with CDs, a
barbecue pit and an ice chest. When they unloaded the truck, there was also a file cabinet. 
 Evidence was presented that Bell entered Harrington's home without her consent
and removed a file cabinet, CDs, and a photo album. See Tex. Pen. Code Ann. §
30.02(a)(3) (Vernon 2003). Appellant's brief does not refer this court to any evidence Bell
had consent. Counsel points out that Harrington waited several days to report the burglary
and challenges the credibility of the State's witness, Michael Scott Davis, and the victim. 
As the trier of fact, the jury is the ultimate authority on the credibility of witnesses and the
weight to be given to their testimony and it is for the jury to resolve any conflicts and
inconsistencies in the evidence. See Thompson v. State, 12 S.W.3d 915, 924 (Tex. App.--Beaumont 2000, pet. ref'd)(Stover, J., concurring). The fact that Harrington did not
report the burglary until after receiving Bell's phone calls does not render the evidence
insufficient.

 A neutral review of all the evidence, both for and against the jury's finding, does
not demonstrate that the proof of guilt is so obviously weak as to undermine confidence
in the jury's determination, nor does it demonstrate that the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. See Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Accordingly, we find the evidence is factually
sufficient to support Bell's conviction. Issue one is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on April 2, 2004 

Opinion Delivered April 14, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Harrington's name was Kim Von Heimberg at the time of the offense.